UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.       Case No. 21-30237

WADE CHARLTON,       Curtis Ivy, Jr.
    United States Magistrate Judge

    Defendant.
_____/

# **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Discovery (ECF No. 16). The Motion is fully briefed, with the Parties offering their respective positions on the Motion. The Motion is now ripe for disposition.

## I. Background

On or about May 21, 2021, Defendant Charlton was arrested in this district pursuant to an arrest warrant issued by the United States District Court for the Western District of Washington. (ECF No. 1). The arrest warrant was premised on Defendant's failure to appear in that court for offenses related to two ticket offenses: (1) a violation of 18 U.S.C. § 113(a)(5) – Simple Assault (victim 16 or older); and (2) a violation of RCW 9A.84.030 – Disorderly Conduct. (ECF No. 18). Subsequently, on that same date, a Petition for Transfer of Defendant to Another District and Supporting Brief was filed. (ECF No. 1). Thereafter,

Defendant was presented in this District on an initial appearance for the alleged violation notice. (ECF Nos. 2-5). Counsel for Defendant was appointed at the initial appearance. Pursuant to Rule 5 of the Federal Rules of Criminal Procedure, amongst other rights, Defendant was informed he is entitled to both an identity and a detention hearing. While not clear as to the basis for the decision, instead of ordering Defendant to appear in the district court where the charges relating to the ticket offenses are pending, a status conference was scheduled in the instant district. The parties later stipulated to adjourn the status conference until June 28, 2021. (ECF No. 12).

On June 28, 2021, the status conference was held. Defendant exercised his right to a removal hearing. Accordingly, a removal hearing was scheduled for July 28, 2021.[1] Following communications with an Assistant United States Attorney from the Western District of Washington, Defendant filed a motion for discovery. (ECF No. 16). In his motion, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Defendant requested the Court issue an order directing the government to produce any surveillance video recordings related to the pending charges. (*Id.* at PageID.30). The undersigned Magistrate Judge ordered counsel for the United States to file a response to Defendant's motion setting forth its respective position

---

[1] Pursuant to Rule 5 of the Federal Rules of Criminal Procedure, a defendant is entitled to an identity hearing in the arresting district. An identity hearing is the appropriate mechanism for the Court to determine whether removal of Defendant to the charging district would be proper. From the record, it is less than clear whether Defendant knowingly waived his right to an identity hearing as he was not questioned by the Court regarding said right.

2

by Thursday, July 8, 2021. (ECF No. 17). The United States filed its response on July 8, 2021. (ECF No. 18).

The undersigned Magistrate Judge has reviewed the authorities cited by the parties and for the reasons stated below, the undersigned Magistrate Judge finds that the requested surveillance video recordings are discoverable, and, therefore, must be produced on or before July 13, 2021 at 1 p.m.

## II. Analysis

Defendant, in essence, moves to compel video recordings pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Federal Rule of Criminal 16 "is the primary means of discovery in criminal cases." *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). "Upon request, Rule 16 requires the government to 'permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items.'" *Id.*[2] (quoting Fed. R. Crim. P. 16(a)(1)(E)). "The Sixth Circuit has [held] that discovery afforded under Federal Rule of Criminal Procedure 16 is limited to the categories of evidence expressly referred to in the Rule." *United States v. Ledbetter*, 2015 WL 5954587, at *7 (S.D. Ohio Oct. 14, 2015) (citing *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir.

---

[2] **Error! Main Document Only.** When defense counsel makes timely request for discovery, government must furnish information, unless it believes there are grounds for protective order, or material is not within scope of applicable rule. There is no need for formal motion, and, unless snag develops, no need for court intervention. *United States v Mentz*, 840 F.2d 315, 328 (6th Cir. 1988).

3

1988)). Under Rule 16(a)(1)(E), the government is required to permit inspection of items within its possession, custody, or control if the (1) item is material to preparing the defense; (2) government intends to use the item in its case-in-chief at trial; or (3) item was obtained from or belongs to the defendant. *United States v. Stamper*, 2018 WL 1241575, at *3 (S.D. Ohio Mar. 9, 2018). The only category implicated here is the first, *i.e.*, items that are material to preparing the defense. In order to be "within the government's possession, custody, or control," the material must either be "in the actual possession of the prosecutor or if the prosecutor has knowledge of and access to the material while it is in the possession of another federal agency." *United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018). "The prosecution is deemed to have knowledge of and access to the material that is in the possession of any federal agency that participated in the investigation that led to defendant's indictment, or that has otherwise cooperated with the prosecution." *Id.*

"It is a defendant's burden to make a prima facie showing of materiality in order to obtain disclosure of a document under Rule 16." *United States v. Dobbins*, 482 F. App'x 35, 41 (6th Cir. 2012) (quoting *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991). In context of Rule 16, the Sixth Circuit has made the following observation regarding what makes an item material to "preparing the defense":

4

> Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Therefore, the rule applies only to "'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.'" *United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007) (quoting *Armstrong*, 517 U.S. at 462. It follows that information which does not counter the government's case or bolster a defense is not material "merely because the government may be able to use it to rebut a defense position." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Rather, there must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. *Id*. In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole. *See id.*

*United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011). Here, counsel asserts to effectively represent Defendant, he needs to review the surveillance video recordings which captured the events in question. (ECF No. 16, PageID.30). It is important to note that the government offers no arguments refuting the materiality of the requested recordings. Instead the government's argument centers around timing of the requested disclosure. Specifically, the government appears to maintain that as Defendant is in the district of arrest, rather than the charging

district for resolution, the request is premature. However, the government failed to provide any authority to support this argument.

Further, in support of its position that the motion for discovery is moot, the government argues that because the violations in question are classified as petty offenses, Defendant is not entitled to a preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure. The violations of which Defendant is charged, however, can be punished by a term of imprisonment. As that is so, it is the opinion of this Court that such violations cannot properly be treated as petty offenses unless it is first ascertained that, if convicted, no term of imprisonment will be imposed upon the defendant. Accordingly, as no such pretrial determination has been made in the present matter, the government's argument in this respect must fail.

Given the absence of arguments contra materiality from the government, the Court finds the information withheld sufficiently important when weighted against the evidence as a whole to meet the materiality requirements of Rule 16. Furthermore, the Court is persuaded the requested records may be sufficiently within the government's "control" to warrant disclosure. For Rule 16 purposes, the Court is satisfied that the government has access to the requested surveillance video recordings, which Defendant lacks.

The request, however, may be a matter of no consequence. While unclear if Defendant is challenging he is the named individual in the ticket offenses, the undersigned notes that the scope of an identity hearing is limited to matters contained in Rule 5(c)(3)(D), and therefore any substantive challenges to the underlying charges should be addressed to the court in the Western District of Washington. *See, e.g., United States v. Curi*, 2010 WL 5019088, at *2 (M.D. Tenn. Dec. 2, 2010) (discussing limited scope of identity hearing (citing cases)).

Given the Court's findings on materiality and government control, the Motion is **GRANTED**, in that the government is **ORDERED** under Rule 16 to produce the requested surveillance video recordings.

### III. Conclusion

For the foregoing reasons, and consistent with the above: Defendant's Motion (ECF No. 16) is **GRANTED**. The government shall produce the requested surveillance video recordings on or before July 13, 2021 at 1 p.m. The government is directed to file a certification with the Court by July 14, 2021 detailing its compliance and results with this Order. The undersigned Magistrate Judge renders no opinion, express or implied, regarding the constitutional validity of the arrest warrant or the violation notices.

**IT IS SO ORDERED**.

Date: July 9, 2021                s/Curtis Ivy, Jr.
                                  Curtis Ivy, Jr.
                                  United States Magistrate Judge